829 F.2d 37
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Gary TEAGUE, Plaintiff-Appellant,
v.
Nathan A. RICE, Gary T. Dixon, Defendants-Appellees.
 No. 87-7614
 United States Court of Appeals, Fourth Circuit.
 Submitted July 30, 1987.
Decided September 8, 1987.
 
 Gary Teague, appellant pro se.
 Before K.K. HALL and SPROUSE, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Gary Teague, a North Carolina inmate, appeals the district court's order which dismissed his 42 U.S.C. Sec. 1983 complaint as frivolous. Teague alleges that his constitutional rights were violated by a prison regulation which prohibited him from keeping his radio which he used to listen to religious programs. The record indicates that Teague could not keep the radio because it was larger than the size authorized by the prison's regulations. See North Carolina Division of Prison Regulation 5 NCAC 2F.0503(a)(6). The district court dismissed the action as frivolous under 28 U.S.C. Sec. 1915(d). We affirm.
 
 
 2
 A district court may dismiss a claim as frivolous under Sec. 1915(d) upon a finding that "beyond doubt' and under any 'arguable' construction, 'both in law and in fact' of the substance of the plaintiff's claim that he would not be entitled to relief.' Boyce v. Alizaduh, 595 F.2d 948, 952 (4th Cir. 1979) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). It is a well established rule that prisoners have a First Amendment right to practice their religion. See Cruz v. Beto, 405 U.S. 319 (1972). However, this is not an unfettered right. Restrictions which are deemed reasonable and substantially necessary to maintain a secure facility are not unconstitutional. See O'Lone v. Estate of Shabazz, ---- U.S. ----, 55 U.S.L.W. 4792, 4795 (June 9, 1987); Barrett v. Virginia, 689 F.2d 498, 501 (4th Cir. 1982); Sweet v. South Carolina Dep't. of Corrections, 529 F.2d 854, 863 (4th Cir. 1975). 'In evaluating the restrictions, courts must accord 'wide-ranging deference' to prison administrators' decisions concerning the proper means to accommodate prisoners' rights to the needs of 'internal order and discipline,' unless there is 'substantial evidence in the record to indicate that the officials have exaggerated their response to these considerations." Dettmer v. Landon, 799 F.2d 929, 934 (4th Cir. 1986) (quoting Bell v. Wolfish, 441 U.S. 520, 547-548 (1979)). The record does not indicate that Teague was precluded from having a radio that fit within the prison guidelines or that these guidelines were an 'exaggerated' response to the need for internal order at the prison.
 
 
 3
 Because the dispositive issues recently have been decided authoritatively, we dispense with oral argument and affirm the judgment of the district court.
 
 
 4
 AFFIRMED.